**UNITED STATES** *of America, Plaintiff,*

v.

**ONE TINTORETTO PAINTING Entitled "The Holy Family with Saint Catherine and Honored Donor", Defendant.**

**No. 80 Civ. 7486(MEL).**

United States District Court,
S. D. New York.

Dec. 14, 1981.

John S. Martin, Jr., U. S. Atty., S. D. New York, New York City, for plaintiff; Susan Millington Campbell, Asst. U. S. Atty., New York City, of counsel.

Raymond Bernhard Grunewald, New York City, for claimant.

LASKER, District Judge.

This action was brought by the United States of America ("the government") seeking forfeiture of the subject Tintoretto painting pursuant to 18 U.S.C. § 545 and 19 U.S.C. § 1592 on the grounds that the painting was "fraudulently . . . import[ed]" into the United States and that a "sale of such merchandise after importation [was attempted] knowing the same to have been imported or brought into the United States contrary to law," in violation of Section 545. Section 545 provides that "[m]erchandise introduced into the United States in violation of this section . . . shall be forfeited to the United States." The government has moved for summary judgment.[1]

---

1. The government seeks summary judgment     solely under 18 U.S.C. § 545, and consequently

Isaac Silberberg ("Silberberg") has filed a claim for the painting. He opposes the government's motion for summary judgment and also moves to amend his answer.[2] Silberberg states that he is the owner of the Tintoretto and that the customs violation committed by the individual to whom he had entrusted the painting for the purpose of having it sold in the United States was without his knowledge or consent. (Affidavit of Isaac Silberberg, ¶ 3). The government answers that Silberberg's good faith or innocence is irrelevant as to forfeitability under the statute.

Silberberg's primary argument, that the due process guarantee precludes forfeiture in the circumstances of this case, where the owner of property is allegedly innocent of any wrong-doing, has equitable appeal. However, it was addressed and rejected in *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1973), and that decision is conclusive here.

*Calero-Toledo* related to the forfeiture of a leased pleasure yacht. While the yacht was under the lessee's control, marijuana was discovered on board. Puerto Rico sought forfeiture of the boat as having been used for an unlawful purpose. The yacht's owner claimed that since they had had no knowledge of or involvement in the marijuana usage, the Puerto Rican forfeiture statute deprived them of property without due process. The Supreme Court upheld the Puerto Rico statute, finding that it furthered the "punitive and deterrent

purposes that have been found sufficient to uphold, against constitutional challenge, the application of other forfeiture statutes to the property of innocents." *Id.* at 686, 94 S.Ct. at 2093. In particular, the Court noted that, "[t]o the extent that . . . forfeiture provisions are applied to . . . bailors . . . who are innocent of any wrongdoing, confiscation may have the desirable effect of inducing them to exercise greater care in transferring possession of their property." *Id.* at 687–88, 94 S.Ct. at 2094. The forfeiture statute at issue here furthers the same purpose—inducing even "innocent bailors" to "exercise greater care in transferring possession of their property," and thus, under *Calero-Toledo*, the statute survives constitutional scrutiny.

Silberberg argues, however, that *Calero-Toledo* suggests that there may be an exception to the application of the forfeiture statutes to innocents where the "owner . . . proved not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property." *Id.* at 689, 94 S.Ct. at 2094. In an attempt to establish that this case falls within the exception, Silberberg has filed an affidavit which states that he "had no reason not to trust [the individual to whom he entrusted the painting] since he had his home and business in Tel Aviv" (also Silberberg's home community), and had a "good reputation in the business community of Tel Aviv" (Sup-

---

the provisions of 19 U.S.C. § 1592 are not discussed herein.

**2.** Silberberg's motion to amend his answer to insert an affirmative defense and counterclaim is denied as clearly without merit. The affirmative defense is simply a repetition of contentions previously made by Silberberg in his affidavits submitted in opposition to the government's motion for summary judgment. No new allegations are made. The statements made in Silberberg's affidavits were given thorough consideration and no purpose would be served by permitting them to be realleged in the form of an affirmative defense.

The counterclaim urges that the government is in wrongful possession of the subject painting and demands return of the painting and dam-

ages in the amount of $1,000,000. In view of the determination, *infra*, that the government is empowered to forfeit the painting, there is nothing to be gained by considering the propriety of the government's possession of the painting in the context of a counterclaim.

"Despite the liberal amendment policy of . . . Rule [15(a)] . . . courts have denied leave to amend where [the] proposed amendment advances a claim that is legally insufficient or otherwise clearly without merit."

*M & T Chemicals, Inc. v. International Business Machine Corp.*, 403 F.Supp. 1145, 1147 (S.D.N.Y.1975), *aff'd mem.* 542 F.2d 1165 (2d Cir.), *cert. dismissed* 429 U.S. 1030, 97 S.Ct. 656, 50 L.Ed.2d 637 (1976).

plementary Affidavit of Isaac Silberberg ¶ 4). Silberberg had been assured by this individual that "all necessary customs regulations would be followed." *Id.* While this affidavit may establish Silberberg's innocence, *Calero-Toledo* explicitly held that mere innocence would not invoke the exception that Silberberg relies on. 416 U.S. at 689, 94 S.Ct. at 2094, cited *supra.* Relying on a bailee's general reputation and his assurances of compliance with the law is not all that the owner of valuable property can "reasonably ... be expected" to do "to prevent the proscribed use of his property." *Id.* at 689, 94 S.Ct. at 2094. At the least, *Calero-Toledo* requires a showing of some affirmative act in prevention of the wrongful activity; for example, an investigation of the bailee's background or a scrupulous review of his proposed procedures for selling the painting.

Silberberg's argument that *United States v. United States Coin & Currency*, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971) precludes the application of forfeiture statutes if the forfeiture was incurred without the willful negligence or intention of the owner was rejected in *Calero-Toledo*: "*Coin & Currency* did not overrule prior decisions that sustained applications to innocents of forfeiture statutes." *Id.* at 688, 94 S.Ct. at 2094.

Since *Calero-Toledo* holds that the forfeiture statutes pass constitutional muster, and since *Calero-Toledo* is conclusive in this case, moderation of the impact of the statutes can come only from Congress.

Accordingly, the government's motion for summary judgment is granted. Silberberg's motion to amend his answer is denied.

It is so ordered.